IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. PD-793-07, 794-07






 THE STATE OF TEXAS



v.



MICHAEL HARVEY SHEPPARD, Appellee





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE TWELFTH COURT OF APPEALS


ANDERSON COUNTY





 Meyers, J., filed a dissenting opinion.


O P I N I O N 



 This is another situation where the State postulates irrelevant grounds for review in
order to persuade a majority of this court into granting review on an issue that seems
interesting and important, but has little or no value in determining the legal outcome of
the case. In doing so, the State has again achieved its goal of getting us to reverse the
court of appeals on an underlying issue that was not raised. 

 The State's petition for discretionary review asks us to consider whether Article
15.22 determines the criteria that constitute an arrest for the purpose of Fourth
Amendment search and seizure law, and whether the court of appeals erred by concluding
that circumstances that would constitute a temporary detention under Fourth Amendment
search and seizure jurisprudence must be considered to be an arrest because of the
provisions of Article 15.22. (1) The obvious answer is "no." Article 15.22 does not control
Fourth Amendment search and seizure law and neither the trial court nor the court of
appeals said that it does. However, this answer to the points raised does not mean that the
trial judge was wrong on the decision to grant the motion to suppress. The majority
seems to disregard all the other determinations made by the trial court and the court of
appeals. There were likely multiple reasons that the trial judge ruled the way he did and it
is clear that the decision in this case was not made based on a mechanistic conclusion that
placing handcuffs on Appellee alone constituted an arrest. Answering the ancillary
question brought by the State should not mean that we fold up and put away the tent and
the rodeo is over. 

 The actual issue that the State had a problem with was its belief that the search and
seizure were reasonable and the trial court's determination that the officer did not have
specific articulable facts to support a reasonable suspicion to believe Appellee was
engaged in criminal activity to justify the search or placing him in handcuffs. The State
raised both issues on appeal, arguing that the search was supported by reasonable
suspicion and that Appellee was not arrested at the time he gave consent to search. The
State did not raise the reasonableness of the search in its petition for discretionary review.
I suspect that this was probably because it knew that we would not be enticed by that
question. If the State had asked us to consider that issue, we probably would have refused
to grant the petition after determining that there was little benefit to reviewing a fact-based decision from an unpublished opinion. We don't usually grant review for the sole
purpose of allowing the State another chance to admit evidence that was legitimately
suppressed. See Rule of Appellate Procedure 66.3. Instead, we usually give great
deference to a trial court's ruling on a motion to suppress evidence, allowing the trial
judge to believe or disbelieve all or any part of a witness's testimony, even if that
testimony is uncontroverted, and upholding the trial court's ruling if it is correct on any
theory of law applicable to the case. See State v. Ross, 32 S.W.3d 853, 855-56 (Tex.
Crim. App. 2000). 

 Although the characterization of the handcuffing as an arrest or detention was not
the determining factor in the trial court's or court of appeals's analysis, the State framed
the issue this way in order to grab the Court's attention, and the plan worked. However,
instead of considering this issue and simply saying that placing someone in handcuffs
does not necessarily constitute an arrest in every situation, (2) the majority says that the trial
judge erred because he did not believe that the officer's actions were reasonable under the
Fourth Amendment. Determining that this is a legal ruling that is not subject to
deference, the majority conducts its own analysis of the circumstances surrounding the
case and the reasonableness of the detention and search, and concludes that this was a
mistake of law. The majority says that the trial judge was mistaken about the legal
significance of the facts that he found, and that his conclusions of law do not flow from
his factual findings. (3) I agree that there was testimony that, if believed, may have
supported a frisk and detention. However, as we stated in Ross, we should not presume
error when there is a legal theory that supports the trial court's ruling. 32 S.W.3d at 858. 
The majority says that the court of appeals upheld the trial court's ruling by speculating
about credibility determinations that are not in the written findings of fact. However, in
order to reverse the trial court's ruling, the majority has speculated that: the trial court
found the report given by an admitted drug user to be credible; the trial court believed the
officer's testimony (despite comments made on the record indicating otherwise); (4) and that
the trial court made mistakes of law regarding reasonable suspicion, the legality of the
frisk and handcuffing, and the legality of the search. I have never seen this done before.

 Our duty was to simply answer the question raised in the grounds for review and
conclude whether Article 15.22 determines what constitutes an arrest for purposes of
Fourth Amendment jurisprudence and then review whether the court of appeals correctly
determined that a person is under arrest if a reasonable person would have believed that
he was not free to leave under the circumstances surrounding the incident. State v.
Sheppard, Nos. 12-06-00260-CR (Tex. App.-Tyler April 30, 2007) (not designated for
publication) 2007 Tex. App. LEXIS 3325 at *12 (citing Swain, 181 S.W.3d at 366). 
Obviously a resolution of these questions doesn't impact the ultimate ruling by the trial
court and the court of appeals. The ruling of the trial judge and the opinion of the court
of appeals have been set aside unnecessarily and, I feel, unfairly. Certainly the Appellee
is allowed to request another suppression hearing and hope that the trial judge enters more
exact findings and conclusions to support his ruling this time.

 Because I disagree with the majority's characterization of the trial court's ruling
and the failure to limit the analysis to the issue raised, I respectfully dissent.


 Meyers, J.

Filed: December 10, 2008

Publish
1. Code of Criminal Procedure Article 15.22 states that "A person is arrested when he has
been actually placed under restraint or taken into custody by an officer or person executing a
warrant of arrest, or by an officer or person arresting without a warrant."
2. See Swain v. State, 181 S.W.3d 359, 366 (Tex. Crim. App. 2005); Balentine v. State, 71
S.W.3d 763, 771 (Tex. Crim. App. 2002).
3. This is a stretch from whether Article 15.22 determines the definition of arrest under the
Fourth Amendment, but I guess it's good enough for government work. See Yeager v. State, 104
S.W.3d 103, 109 (Tex. Crim. App. 2003) (Meyers, J. dissenting).
4. The majority says that there is no indication that the trial judge disbelieved the officer's
testimony, but that is simply not true. Deputy Smith testified that he frisked Appellee "for officer
safety" and when asked why he handcuffed Appellee, he responded, "For my safety." When
questioned by the defense, Deputy Smith agreed that Appellee was not free to go, and admitted
that he did not know whether Appellee was detained or arrested at that time. The court stated,
"They call it detention, but maybe it's a detained arrest. But in [any] event, he's confined. . . . He
was not free to leave." The State said, "He was only detained, Judge, for officer's safety. He
was not under arrest." The court responded, "I'm having a problem with your officer's safety
issue." The majority concludes that Deputy Smith did not need to give the trial court valid
reasons for his "officer safety" basis for the search.